UNITED STATES of America, Appellee,

v.

Michael Angelo MELDISH,
Defendant-Appellant.

Cal. No. 187, Docket 83–1184.

United States Court of Appeals,
Second Circuit.

Argued Sept. 20, 1983.

Decided Nov. 28, 1983.

Certiorari Denied March 19, 1984.
See 104 S.Ct. 1597.

Elkan Abramowitz, New York City (Obermaier, Morvillo & Abramowitz, P.C., New York City, Jacob Kossman, Philadelphia, Pa., and Andrew Tureff, New York City, of counsel), for defendant-appellant.

Barry A. Bohrer, Asst. U.S. Atty., New York City (Rudolph W. Giuliani, U.S. Atty., S.D.N.Y., and Louis J. Freeh, Asst. U.S. Atty., New York City, of counsel), for appellee.

Before OAKES, VAN GRAAFEILAND and WINTER, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

Following a jury trial before Judge Ward in the United States District Court for the

Southern District of New York, appellant was convicted of violating 18 U.S.C. §§ 922(h) and 922(a)(6). Section 922(h)(1) makes it unlawful for one who has been convicted of a crime punishable by a term of imprisonment exceeding one year to receive a firearm that has moved in interstate commerce. Section 922(a)(6) provides in pertinent part that it is unlawful for the purchaser of a firearm from a licensed dealer knowingly to make a false written statement intended or likely to deceive the dealer with respect to any fact material to the lawfulness of the sale. Finding no error in the proceedings below and concluding that the jury's verdict was supported by the evidence, we affirm.

The facts are largely undisputed. On July 12, 1978, appellant was convicted in the United States District Court for the Eastern District of Virginia of violating 18 U.S.C. § 542 by bringing a lady's wristwatch worth $9,000 into the United States by means of a false customs declaration. This was a felony punishable by imprisonment for up to two years or a fine up to $5,000, or both. Appellant received the maximum fine and a two-year suspended sentence with probation.

On October 8, 1982, appellant purchased two shotguns and two rifles from a dealer in Yonkers, New York. In order to effectuate that purchase, appellant was required to complete two copies of Treasury Form 4473, entitled "Firearms Transaction Record." See 27 C.F.R. § 178.124. An "important" notice on the Form advised appellant that the information and certification on the Form were designed so that the dealer could determine if he lawfully could sell appellant the guns. Appellant also was informed that an untruthful answer in his certification might subject him to criminal prosecution. Despite the foregoing, appellant certified that he never had been convicted of a crime punishable by imprisonment for a term exceeding one year.

### The Unlawful Receiving Count

Although both the Gun Control Act of 1968, 18 U.S.C. §§ 921–928, and Title VII of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C.App. § 1201–1203, prohibit convicted felons from receiving firearms, the two statutes do not define felonies in identical terms. *United States v. Batchelder,* 442 U.S. 114, 119 n. 5, 99 S.Ct. 2198, 2201 n. 5, 60 L.Ed.2d 755 (1979). The Gun Control Act excludes from the category of crimes punishable by imprisonment for a term exceeding one year under section 922(h)(1) "any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices as the Secretary may by regulation designate. . . ." 18 U.S.C. § 921(a)(20). Congress intended by this provision to exclude "offenses relating to antitrust violations and similar business offenses." Conference Rep. No. 1956, 90th Cong., 2d Sess. 29, *reprinted in* 1968 U.S. Code Cong. & Ad.News 4410, 4426, 4428. The Omnibus Crime Control and Safe Streets Act, on the other hand, defines a felony as "any offense punishable by imprisonment for a term exceeding one year. . . ." 18 U.S.C.App. § 1202(c)(2). The intendment of this Act was to permit a person to possess a gun until the commission of his first felony. Statement of Senator Long, as quoted in *United States v. Bass,* 404 U.S. 336, 355, 92 S.Ct. 515, 526, 30 L.Ed.2d 488 (1971) (Blackmun, J., dissenting). Although the coverage of section 1202 is broader than that of section 922(h)(1), the Government chose to indict appellant under the latter section.

On the basis of stipulated facts, Judge Ward charged the jury that appellant's prior conviction was for a crime punishable by a term exceeding one year. Appellant contends that this was error, arguing that his falsification of the customs declaration for the $9,000 watch was an offense pertaining to an "unfair trade practice" within the meaning of section 921(a)(20). We disagree.

Although it is almost impossible to formulate an all-inclusive definition of "unfair trade practice," *see FTC v. Sperry & Hutchinson Co.,* 405 U.S. 233, 240, 92 S.Ct. 898, 903, 31 L.Ed.2d 170 (1972), implicit in the

**28**

term itself is the requirement that the practice adversely affect either competitors or consumers, *see id.* at 241–44, 92 S.Ct. at 903–05. Among the practices which may cause such an adverse effect are the suppression of competition, *Shakespeare Co. v. FTC,* 50 F.2d 758, 759–60 (6th Cir.1931), price discrimination, *Oliver Bros., Inc. v. FTC,* 102 F.2d 763, 767 (4th Cir.1939), deceptive advertising or labeling, *Armstrong Paint & Varnish Works v. Nu-Enamel Corp.,* 305 U.S. 315, 335–36, 59 S.Ct. 191, 201, 83 L.Ed. 195 (1938), and the exploitations of child purchasers, *FTC v. R.F. Keppel & Bro., Inc.,* 291 U.S. 304, 313, 54 S.Ct. 423, 426, 78 L.Ed. 814 (1934).

Section 542 does not concern itself with matters such as these. To secure a conviction under section 542, the Government need prove only "(1) an attempt to introduce imported merchandise into the United States (2) 'by means of' any false statement or practice (3) without reasonable cause to believe the truth of such statement or practice." *United States v. Rose,* 570 F.2d 1358, 1363 (9th Cir.1978). A violation of section 542 in no way depends upon whether it has an effect on competition or consumers.

Appellant's reliance upon legislation such as the Antidumping Act, current version at 19 U.S.C. §§ 1673–1677g, is misplaced. The Antidumping Act is designed to prevent foreign merchandise from being sold in the United States at less than its fair value so that it materially injures or threatens material injury to a domestic industry. 19 U.S.C. § 1673. Section 542 concerns itself only with whether a false statement was made to effect or attempt to effect the entry of the goods in question. *United States v. Teraoka,* 669 F.2d 577, 579 (9th Cir.1982). There is nothing in the record of the instant case to justify calling appellant's crime an unfair trade practice.

■ We find no merit in appellant's contention that section 921(a)(20)'s exclusion of "unfair trade practices" from other nonviolent offenses punishable by imprisonment for more than one year is an unconstitutionally irrational classification. Because the receiving and possessing of firearms is not a basic constitutional right, the classification must be upheld if it has any rational support. *See United States v. Giles,* 640 F.2d 621, 625–26 (5th Cir.1981).

Unfair trade practices found their origin in the common law of torts, and, even today, they usually are treated as civil offenses, *see, e.g.,* 15 U.S.C. § 45. Although some legislative bodies have seen fit to impose criminal sanctions for certain unfair trade practices, *see, e.g.,* 15 U.S.C. §§ 1 and 2, there is nothing irrational or illogical in Congress's belief that trade offenders would be less likely to misuse a gun than would other criminals such as forgers, drug peddlers, or receivers of stolen property. We must give deference to a "legislative determination that, in essence, predicts a potential for future criminal behavior." *Lewis v. United States,* 445 U.S. 55, 67 n. 9, 100 S.Ct. 915, 922 n. 9, 63 L.Ed.2d 198 (1980).

■ We likewise find no merit in appellant's contention that, in enacting 18 U.S.C. § 921(a), Congress intended to regulate only "firearms", *see* § 921(a)(3), that conformed to the definition of "destructive devices", *see* § 921(a)(4), and that therefore he is entitled to claim the benefit of the sporting use exception contained in section 921(a)(4). Section 921(a)(3) offers several definitions of "firearm" and among those is "any destructive device." However, section 921(a)(3)'s definitions are in the alternative, and the first definition is "any weapon . . . which will . . . expel a projectile by the action of an explosive." The guns which appellant purchased fall squarely within this definition. In any event, it is the Secretary of the Treasury, not the gun purchaser, who determines in accordance with section 921(a)(4) whether a device is excluded from the definition of a destructive device. *See* 27 C.F.R. § 178.27.

### The False Statement Conviction

■ Section 922(d)(1) of Title 18 prohibits a dealer from selling a firearm to one who he knows or has reasonable cause to believe has been convicted of a crime pun-

ishable by imprisonment for a term exceeding one year. Regulations of the Bureau of Alcohol, Tobacco and Firearms require that the dealer obtain and retain a Form 4473 containing the purchaser's certification that he is not prohibited by the Gun Control Act of 1968 or Title VII of the Omnibus Crime Control and Safe Streets Act from receiving a firearm in interstate or foreign commerce. 27 C.F.R. § 178.124. It was to make these restrictions on dealers effective that Congress enacted section 922(a)(6). *United States v. Allen,* 556 F.2d 720, 722 (4th Cir.1977). The dealer cannot carry out his obligations without the cooperation of the purchaser, and the "essence of a § 922(a)(6) violation," therefore, is the purchaser's failure to tell the truth. *United States v. Edwards,* 568 F.2d 68, 70 (8th Cir.1977); *see Cassity v. United States,* 521 F.2d 1320, 1323 (6th Cir.1975). We are satisfied that appellant's section 542 conviction precluded him under both the Gun Control Act and the Omnibus Control and Safe Streets Act from purchasing a firearm and that there was ample evidence to support the jury's finding that he falsely denied in his Form 4473 certification the fact that he had been convicted.

The judgment of conviction is affirmed.