UNITED STATES of America, Plaintiff,

v.

**Tadeusz SZWACZKA, d/b/a Polish Folklore, European Gifts, and European Flavor, Defendant.**

**No. 91–CR–40.**

United States District Court, E.D. Wisconsin.

July 22, 1991.

James L. Santelle, Matthew L. Jacobs, Asst. U.S. Attys., Milwaukee, Wis., for plaintiff.

Robert E. Burke, Barnes, Richardson, Colburn, Chicago, Ill., Thomas S. Burke, Miller, Blazkovec, Evans & Burke, Algoma, Wis., for defendant.

## ORDER

STADTMUELLER, District Judge.

This matter comes before the court for *de novo* review of the magistrate judge's recommendation with regard to dismissal of the indictment in the above-captioned matter and after an independent thorough review of the magistrate judge's recommendation, the government's objection thereto, the defendant's response and the parties previous submissions to the magistrate judge, I conclude that the recommendation presents a well-reasoned statement of the law, that when applied to the charges contained in the indictment requires the defendant's motion to dismiss be granted.

Accordingly, 1 will adopt the magistrate judge's recommendation to dismiss and at the same time remove this case from the court's calendar for trial, presently scheduled for August 12, 1991. Therefore,

IT IS ORDERED that the magistrate judge's recommendation to dismiss the charges contained in the indictment in this case be and the same is hereby accepted by the court; and,

IT IS FURTHER ORDERED that the defendant's motion to dismiss be and the same is hereby GRANTED and the indictment be and the same is herewith DISMISSED.

The clerk is directed to enter judgment accordingly.

AARON E. GOODSTEIN, United States Magistrate Judge.

On February 19, 1991, a federal grand jury issued a six count indictment charging the defendant in count one with conspiring to enter and introduce imported merchandise into commerce by means of a false and fraudulent practice, in violation of 18 U.S.C. §§ 2, 371 and 542, and in counts two through six charging the defendant with violations of 18 U.S.C. §§ 542 and 2. 18 U.S.C. § 371 is a general conspiracy statute, 18 U.S.C. § 2 is general statute which makes a defendant guilty as a principal actor, while 18 U.S.C. § 542 is a specific statute which makes illegal the offense of customs fraud, which is the offense underlying the conspiracy charged in count one. The defendant was arraigned before this court on March 22, 1991, and plead not guilty. A jury trial before the Honorable J.P. Stadtmueller has been scheduled for August 12, 1991, with a final pretrial conference to be held on August 5, 1991.

The defendant filed a number of pretrial motions, including a motion to dismiss his indictment. Since the court finds the defendant's motion to dismiss the indictment potentially dispositive of this case, it is appropriate to address that motion separately, giving it primary treatment and holding in abeyance the defendant's other motions.

The defendant moves, under Rule 7(c) and 12(b)(2), Fed.R.Crim.P., to dismiss the indictment, asserting: 1) that the indictment is defective since the customs laws do not distinguish between merchandise entering U.S. commerce for commercial purposes from that entering for personal or private purposes; 2) that the indictment fails to allege at least one element of a conspiracy—that there was an agreement between two or more persons to accomplish an illegal objective; 3) that, as a matter of law, the importations were not *by means of* a fraudulent act; 4) that the defendant's actions do not constitute a fraudulent practice; 5) that the defendant justifiably relied upon the actions of the postal officials; and 6) that the indictment erroneously states the value of the goods imported.

Szwaczka is charged in each count with having:

> entered, introduced and attempted to enter and introduce into the commerce of the United States of America certain imported merchandise ... by means of a false and fraudulent practice and appliance—that is, by arranging for the shipment of the imported merchandise from Poland to the United States of America absent an affixed or accompanying invoice setting forth, among other things, a detailed description of the contents, the quantities of merchandise contained in

the package, and the purchase price of the items.

In order to constitute a valid indictment, an indictment must allege facts which, if proven, would constitute a violation of the law the defendant is charged with violating. *United States v. Gimbel,* 830 F.2d 621, 623 (7th Cir.1987). Furthermore, it is generally recognized that a trial court can not amend an indictment by changing an essential element of the crime, such that it would be impossible to know whether the grand jury would have indicted for the crime actually proved. *United States v. McNeese,* 901 F.2d 585 (7th Cir. 1990). Only a grand jury can make material amendments to the indictment. *United States v. Field,* 875 F.2d 130, 133 (7th Cir.1989); *United States v. Nicosia,* 638 F.2d 970, 976 (7th Cir.1980), *cert. denied,* 452 U.S. 961, 101 S.Ct. 3110, 69 L.Ed.2d 972 (1981). A part of the indictment unnecessary to, and independent of the allegations of the offense proved may, however, normally be treated as surplusage, and ignored. *McNeese,* 901 F.2d at 604.

"It is the statement of the facts presenting the elements of the offense rather than the citation to a statute that alerts a defendant to the charges against him, and establishes the bases for the government's proof at trial." *Id.,* 901 F.2d at 604.

Reading the indictment indicates that the government alleges that Szwaczka 1) entered or attempted to enter, 2) into commerce 3) imported merchandise 4) by means of a fraudulent practice and appliance. Specifically, the government asserts that Szwaczka arranged for the shipment of imported merchandise from Poland to the United States of America, and that this was done by means of a "false and fraudulent practice and appliance".

The defendant argues that the importations were not *by means of* a false or fraudulent practice, or that, as a matter of law, his actions did not constitute a false or fraudulent practice. The government has not alleged in the indictment that Szwaczka uttered any false statements or submitted any false documents. Rather, the government asserts that the "false and fraudulent practice and appliance" was that the merchandise did not have an affixed or accompanying invoice setting forth, among other things, a detailed description of the contents, the quantities of merchandise contained in the package, and the purchase price of the items.

18 U.S.C. § 542 provides in relevant part:

Whoever enters or introduces, or attempts to enter or introduce, into the commerce of the United States any imported merchandise by means of any fraudulent or false invoice, declaration, affidavit, letter, paper, or by means of any false statement, written or verbal, or by means of any false or fraudulent practice or appliance, or makes any false statement in any declaration without reasonable cause to believe the truth of such statement, or procures the making of any such false statement as to any matter material thereto without reasonable cause to believe the truth of such statement, whether or not the United States shall or may be deprived of any lawful duties; or

Whoever is guilty of any willful act or omission whereby the United States shall or may be deprived of lawful duties accruing upon merchandise embraced or referred to in such invoice, declaration, affidavit, letter, paper, or statement, or affected by such act or omission—

Shall be fined for each offense not more than $5,000 or imprisoned not more than two years, or both....

Initially, the court notes that the meaning and scope of 18 U.S.C. § 542 does not appear to have been previously addressed in this circuit, although several other circuits have considered the issue. Those circuits which have addressed the meaning and scope of 18 U.S.C. § 542 have consistently found that 1) the language "by means of" applies an element of materiality, such that the false statement was material to the entry of the goods, and 2) the first section of the law, under which Szwaczka is charged, is intended to apply to actually false statements, while the second section is intended to apply to omissions, i.e. the

failure to make any statement where one was required.

The Fifth and Ninth Circuits interpret the first part of § 542 that refers to goods entering the United States "by means of" a false statement as requiring the government to prove, as an element of the offense, the materiality of the false statement—that the false statement resulted in different treatment of the merchandise than would have occurred had truthful disclosure been made. *See United States v. Corcuera–Valor,* 910 F.2d 198 (5th Cir. 1990); *United States v. Ven–Fuel, Inc.,* 602 F.2d 747, 748 (5th Cir.1979); *United States v. Rose,* 570 F.2d 1358 (9th Cir.1978); *United States v. Teraoka,* 669 F.2d 577 (9th Cir.1982). *cf. United States v. Ven–Fuel, Inc.,* 758 F.2d 741 (1st Cir.1985) (interpreting materiality in a civil context).

The defendant argues that this indictment should be dismissed because the government has failed to allege that the goods would not have been imported if he had made the disclosures which the government asserts he omitted. That is, the defendant asserts that the government failed to allege, and can not prove, that *but for* the alleged false statement, the merchandise would not have been allowed to cross United States borders. *See United States v. Corcuera–Valor,* 910 F.2d 198. In its response, the government agrees with the defendant that the language *by means of* imposes a materiality requirement on the false statement, but submits that the false practice or statement need only be material in the sense that it changes the way in which the goods were handled by the United States Customs Service. In this case, the government argues, the result was the passage of these goods without the proper assessment of duties.

■ The question of whether, in fact, the defendant's acts were material is a question for the trial on the merits. In light of the history and purpose of this law, however, the court agrees with the government that the language, *by means of,* imposes only a requirement that the statement be material to the manner in which customs handles the assessments of duties and pas-

sage of goods into the borders of the United States, and the indictment sufficiently alleges this element. *See United States v. Yip,* 930 F.2d 142 (2nd Cir.1991); *See also, United States v. Corcuera–Valor,* 910 F.2d 198; *United States v. Ven–Fuel, Inc.,* 602 F.2d at 748; *United States v. Rose,* 570 F.2d 1358; *United States v. Teraoka,* 669 F.2d 577; and 18 U.S.C. § 545.

■ The government's prosecution runs afoul, however, in its choice to prosecute the defendant's alleged conduct under the first part of 18 U.S.C. § 542 prohibiting false and fraudulent statements, and not the second part, which proscribes omissions. As previously noted, the indictment does not contain an allegation that any statement, document, invoice or other declaration by Szwaczka was false or fraudulent. As the government concedes, "the practice charged is one involving an affirmative *omission* to perform an act required by the law." Government's Response, dated May 3, 1991 at 16–17. The government asserts, however, that these omissions constitute a fraudulent practice.

In *United States v. Yip,* 930 F.2d 142 (2nd Cir.1991), the Second Circuit recently engaged in an extensive and informative analysis of the meaning of § 542. The court looked at the plain meaning of the statute, the legislative history, and prior case law interpreting the statute in an attempt to determine the scope of the second paragraph of the statute in relation to the other parts of the statute. Based upon a plain meaning reading of the statute, the Second Circuit concluded that the first paragraph is meant to prohibit the utterance of a false statement, written or oral.

The second paragraph is divided into two parts. The first part of the second paragraph, which reads, in part, "[w]hoever is guilty of any willful act ... whereby the United States ... may be deprived of any lawful duties accruing upon merchandise embraced or referred to in such invoice, declaration ..." was interpreted by the Second Circuit to prohibit acts specifically relating to the false statements referenced in the first paragraph. The court reaches this conclusion from the fact that the word

"such" refers to invoices and invoices are only mentioned in the first paragraph. *Id.* at 148.

The second part of the second paragraph deals with acts and omissions and reads:

Whoever is guilty of any willful act or omission whereby the United States shall or may be deprived of lawful duties accruing upon merchandise ... affected by such act or omission—

Shall be fined for each offense not more than $5,000 or imprisoned not more than two years, or both....

The Second Circuit concluded that this part makes "criminal the omission to file any forms on goods brought into the United States and any acts undertaken in bringing such undeclared goods into the United States." The court further concluded that "[t]hese acts and omissions are not false statements and so are not covered by the first paragraph of § 542." *United States v. Yip*, 930 F.2d at 149.

■ This court observes that, under the government's construction of the statute in which the first section covers omissions as well as utterances, the first paragraph and the second part of the second paragraph would proscribe the same conduct. A construction ascribing to two separate provisions the same meaning and scope is disfavored. *United States v. Yip*, 930 F.2d at 148. The conclusion that both sections are not intended to apply to omissions is further buttressed by the legislative history of the statute. In its historical form, both sections were combined into a single paragraph and a single sentence which, in relevant part, read "any ... importer ... who shall, with intent to defraud the revenue, make ... any entry of imported merchandise, by means of a fraudulent or false invoice, affidavit, letter, or paper, or by means of any false statement, written or verbal, or who shall be guilty of any willful act or omission ... shall, for each offense, be fined ... or imprisoned." Act of June 22, 1874, ch. 193 § 12, 18 Stat. 186 (1874); *quoted in United States v. Yip*, 930 F.2d at 150. Clearly, in its original form, the use of the disjunctive, "*or* who shall be guilty of an omission" suggests the first constituent portion concerning fraud did not encompass omissions.

Consequently, in accord with the foregoing analysis, this court finds the reasoning of the Second Circuit in *United States v. Yip*, 930 F.2d 142 persuasive, and concludes that the first part of 18 U.S.C. § 542 does not proscribe omissions, but rather, only proscribes the utterance, written or oral, of false statements. Therefore, the conduct of the defendant, as alleged in the indictment, has been charged under the wrong part of § 542.

■ While the second part of § 542, concerning omissions, would appear to cover Szwaczka's behavior as alleged in the indictment, the government chose to improperly charge him with violating the first paragraph of this statute. The trial court can not amend the indictment in this case to charge under the second part of § 542 since, unlike the first part, the second part adds the element that the United States must be deprived of lawful duties, and it is impossible to know whether sufficient evidence was presented to the grand jury to persuade them to have indicted Swaczka for the crime under the second part of 18 U.S.C. § 542. *See United States v. McNeese*, 901 F.2d 585 (7th Cir.1990). As previously stated, only a grand jury can make material amendments to the indictment. *United States v. Field*, 875 F.2d 130, 133 (7th Cir.1989).

The only action for the court to take at this juncture is to dismiss the indictment. It is, of course, incumbent upon the government to seek a superseding indictment if it has sufficient evidence to either properly charge the defendant under the first part of 18 U.S.C. § 542 or the second part. As indicated at the outset of this recommendation, this court will hold in abeyance the defendant's remaining motions pending action by the district court on this recommendation or the return of a superseding indictment by the grand jury.

IT IS THEREFORE RECOMMENDED, that the district judge GRANT the defendant's motion to dismiss the indictment.

Any objection to this recommendation must be filed with the Clerk of Court in duplicate within ten days of the date of this order. Failure to file an objection within the specified time waives the right to appeal the district court's order on all factual and legal issues.

Dated at Milwaukee, Wisconsin, this 28th day of June, 1991.