**UNITED STATES of America, Plaintiff,**

v.

**Charles R. McLEMORE, Defendant.**

**Cr. No. 91100215.**

United States District Court,
S.D. Alabama, S.D.

May 29, 1992.

Kristi D. Lee, Asst. U.S. Atty., S.D. Ala., U.S. Attys. Office, Mobile, Ala., for plaintiff.

Paul D. Brown, Mobile, Ala., for defendant.

ORDER

HAND, Senior District Judge.

After careful consideration of the Defendant's motion to dismiss the indictment and the Government's response, the Court shall consider this motion to dismiss as a motion pursuant to Rule 33 of the Federal Rules of Criminal Procedure for new trial and a Rule 12 motion for dismissal of the indictment, in light of the procedural posture of this action. Rule 33 holds that

[t]he court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice ... A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment.

Because the applicability of 18 U.S.C. § 921(a) as a bar to the defendant's prosecution for being a felon in possession of a firearm was not discovered until after trial, the interests of justice require the Court to *sua sponte* take another look at this action. This is a novel area of the law, as is obviated by the fact that it was not realized to be applicable until after trial. Though the "discovery of new evidence" as stated in Rule 33 may not in some actions include the unearthing of applicable law, justice requires the Court in this case of first impression to consider the defendant's motion for a new trial.

The Defendant, Charles R. McLemore, was convicted in April, 1988 of fraudulently rolling back odometer readings on vehicles in violation of 15 U.S.C. §§ 1984 and 1990c(a). In July, 1991, the Defendant possessed a pistol, rifle and shotgun, and was indicted and convicted of being a felon in possession of a firearm. *See*, 18 U.S.C. § 922(g).

The Defendant challenges the conviction asserting that the indictment did not allege a crime under 18 U.S.C. § 922(g). The Defendant argues that the underlying felony conviction for odometer rollback is excluded by 18 U.S.C. § 921(a)(20). This section exempts from the definition of "crimes punishable for one year" which serve as underlying felonies for 18 U.S.C. § 922(g) purposes all felonies pertaining to "antitrust violations, unfair trade practices, restraints of trade, and other similar offenses relating to the regulation of business practices."

The government responds that although the crime of odometer rollback is characterized by the Defendant as an unfair trade offense, the act of odometer rollback has its origins in common law fraud by deception which is a malum in se offense, rather than unfair trade competition, which is malum prohibitum. The government notes that unlike unfair competition crimes, odometer tampering crimes can be prosecuted under federal and state statutes other than 15 U.S.C. §§ 1984 and 1990c(a), such as under mail fraud, wire fraud, and state fraud by deception. The govern-

ment's brief states: "Whether the felony is exempted under 18 U.S.C. § 921(a)(20) certainly should not turn on which statute the government selects to prosecute. As stated above, the government could have decided to prosecute this under a Title 18 offense rather than a Title 15 offense."

The government asserts that there is no evidence in the legislative history of 18 U.S.C. § 921(a)(20) to support the argument that *all* crimes of a commercial type should be exempted from the definition of a felony for the purposes of 18 U.S.C. § 922(g); rather the government contends that Congress intended only *certain* commercial type crimes be exempted. *See,* [1968] U.S. Code Cong. & Ad. News pp. 2113, 2202. The Defendant's Memorandum Brief notes that prior to 1986, 15 U.S.C. §§ 1984 and 1990c(a) violations were not felonies and a conviction thereunder could not, as a misdemeanor, have formed the basis of a prosecution under 18 U.S.C. 922(g)(1). The Defendant's Brief also notes the policy in favor of the rule of lenity as applied to criminal statutes. As stated in *Crandon v. U.S.,* 494 U.S. 152, 158, 110 S.Ct. 997, 1001, 108 L.Ed.2d 132 (1990), "because the governing standard is set forth in a criminal statute, it is appropriate to apply the rule of lenity in resolving any ambiguity in the ambit of the statute's coverage." 18 U.S.C. § 921(a)(20) simply excludes from coverage of 18 U.S.C. § 922(g) "unfair trade practices" and "similar offenses relating to the regulation of business practices," and indicates no intention of including only *certain* crimes of such a nature.

The government cites a Second Circuit case for the proposition that a U.S. Customs violation was not an unfair trade practice since "a violation of [false statements to customs] in no way depends upon whether it has an effect on competition or consumers." *U.S. v. Meldish,* 722 F.2d 26, 28 (2nd Cir.1983). The government asserts: "Although this case is not binding it lends further support to the government's argument in that in order to be guilty of odometer tampering it is not necessary to prove that a consumer or competitor was in any way affected. What makes odometer

tampering a crime is the fact that it is a fraudulent act within itself." *Government's Response*, p. 5.

The Court determines that 15 U.S.C. §§ 1984 and 1990c(a) are meant to punish an "unfair trade practice" within the meaning of 18 U.S.C. § 921(a)(20). The government's argument that "[w]hether the felony is exempted under 18 U.S.C. § 921(a)(20) certainly should not turn on which statute the government could have decided to prosecute" is not persuasive and in fact contrary to the textual language and purpose of 18 U.S.C. § 921(a)(20). The government must live with its decision to prosecute Mr. McLemore's odometer rollback activity as a Title 15 trade offense, rather than as Title 18 mail fraud or wire fraud offense. The fact is that Mr. McLemore was indicted and convicted of a Title 15 U.S.C. §§ 1984 and 1990c(a) offense, which is an "unfair trade practice" crime, and was not convicted of a mail fraud, wire fraud or any state fraud crime in regard to the odometer rollback activity.

The very Second Circuit case language cited by the government supports this analysis. *Meldish* holds that implicit in the term "unfair trade practice" is the requirement that the practice adversely affect either competitors or consumers. *U.S. v. Meldish*, 722 F.2d 26, 27–28 (2nd Cir.1983). While the activity of odometer rollback may be prohibited by other statutes, or by other jurisdictions, because of its other characteristics and bad effects, odometer rollback is prohibited by 15 U.S.C. §§ 1984 and 1990c(a) as an unfair trade practice exactly because of its "effect on competition and consumers." This interpretation is supported by the legislative history of the Truth in Mileage Act of 1986. In increasing the penalty for odometer tampering from 1 to 3 years, Congress emphasized the need to protect consumers from the annual $2 billion cost to car buyers who overpaid for cars due to the cars' understated mileage. *See* 1986 U.S. Code Cong. and Adm. News, 5620–27.

Because Congress has determined that an unfair trade practice offense is not a crime punishable by a term exceeding one year, *see* 18 U.S.C. § 921(a)(20), Mr. McLemore's 1988 conviction cannot serve as the underlying felony for an 18 U.S.C. § 922(g) crime. The Court finds that the indictment and conviction of Charles R. McLemore for being a felon in possession of a firearm are not correct as a matter of law, and therefore both VACATES the Court's judgment of February 5, 1992 and GRANTS the Rule 33 motion for new trial.

Upon consideration of the motion filed pursuant to Rule 12 of the Federal Rules of Criminal Procedure for dismissal of the indictment, for the reasons stated above, the Court GRANTS the motion and dismisses all counts of the indictment.

It is so ORDERED.

## JUDGMENT

### *Vacation of Judgment, Grant of New Trial And Dismissal of Indictment*

The crime of which the government indicted and prosecuted Mr. McLemore, pursuant to 15 U.S.C. §§ 1984 and 1990c(a), is an unfair trade practice offense. Congress has determined that such an unfair trade practice offense is not a crime punishable by imprisonment for a term exceeding one year, *see* 18 U.S.C. § 921(a)(20). Therefore Mr. McLemore's 1988 conviction cannot serve as the underlying felony for an 18 U.S.C. § 922(g) crime. The court finds that the indictment and conviction of Charles R. McLemore for being a felon in possession of a firearm is not correct as a matter of law, and VACATES the Court's judgment and GRANTS both the motion for a new trial and the pretrial motion for dismissal of all counts of the indictment.

It is so ORDERED.