65 F.3d 176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rudy G. STANKO, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 95-35289.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 22, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rudy Stanko appeals pro se the district court's order dismissing on the merits Stanko's petition for declaratory judgment. We reverse and instruct the district court to dismiss for lack of jurisdiction.
 
 
 3
 Stanko was convicted of conspiring to violate the Federal Meat Inspection Act. 18 U.S.C. Sec. 371; 21 U.S.C. Secs. 605, 610(a), (c). When Stanko completed his six-year sentence, his Probation Officer cautioned him that he would be bound by the Federal Gun Control Act. That statute makes it unlawful for a person who has been convicted of a crime punishable by imprisonment for a term exceeding one year to "possess, in or affecting commerce, any firearm or ammunition." 18 U.S.C. Sec. 922(g).
 
 
 4
 Stanko sought a declaratory judgment that he was not subject to the federal gun law because (1) Montana had restored his civil rights, 18 U.S.C. Sec. 921(a)(20); (2) he intended to hunt with a gun that had not traveled in interstate commerce; and (3) he had been convicted of an "offense[ ] pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices," 18 U.S.C. Sec. 921(a)(20)(A). The district court rejected each of Stanko's assertions on the merits and Stanko appeals.
 
 
 5
 Standing is a jurisdictional requirement that we must address sua sponte. Ripplinger v. Collins, 868 F.2d 1043, 1046-47 (9th Cir.1989). To pursue a claim for declaratory judgment, the plaintiff must establish that he is in real and immediate danger of sustaining direct injury from the defendant's conduct. Eggar v. City of Livingston, 40 F.3d 312, 316 (9th Cir.1994), cert. denied, 115 S.Ct. 2566 (1995). Although "[w]e do not insist that an individual break the law in order to test the constitutionality of a [statute]," ACORN v. City of Phoenix, 798 F.2d 1260, 1264 (9th Cir.1986), the plaintiff lacks standing when the future harm is hypothetical or based "upon a chain of speculative contingencies, particularly a chain that includes the violation of an unchallenged law," Eggar, 40 F.3d at 316 (quoting Nelsen v. King County, 895 F.2d 1248, 1252 (9th Cir.1990)).
 
 
 6
 Here, any argument that the statute is unconstitutional on its face is foreclosed by United States v. Hanna, No. 94-10131, 1995 WL 470368 (9th Cir. Aug. 9, 1995) (holding Sec. 922(g) constitutional because firearm must have a minimal nexus to interstate commerce). Stanko's claims rely upon a chain of speculative contingencies that he will possess a gun that lacks the requisite nexus to interstate commerce and that the United States will attempt to prosecute him for such conduct. Stanko's repeated statement that "there is no gun in the case" demonstrates that his petition relies upon hypothetical scenarios. Finally, Stanko has received only a general threat that the statute applies to him. See Rincon Band of Mission Indians v. County of San Diego, 495 F.2d 1, 4 (9th Cir.) (declaratory relief not warranted when Indians alleged a general threat by Sheriff to enforce gambling law within his jurisdiction), cert. denied, 419 U.S. 1008, 1022 (1974). As few courts have interpreted the scope of the business practices exception, further speculation remains as to whether the United States would attempt to apply the statute to Stanko. Cf. United States v. Meldish, 722 F.2d 26, 27-28 (2d Cir.1983) (suggesting that business practices exception encompassed crimes that adversely affect consumers such as deceptive labeling), cert. denied, 465 U.S. 1101 (1984). Because the possibility of future harm is conjectural, Stanko lacks standing, and the district court should have dismissed the action for lack of subject matter jurisdiction. See Eggar, 40 F.3d at 316-17.
 
 
 7
 REVERSED AND REMANDED WITH INSTRUCTIONS TO DISMISS FOR LACK OF JURISDICTION.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3