United States Court of Appeals,

Fifth Circuit.

No. 96-31161

Summary Calendar.

Hugh T. DREHER, Plaintiff-Appellant,

v.

UNITED STATES of America, on Behalf of UNITED STATES BUREAU OF ALCOHOL, TOBACCO AND FIREARMS, Defendant-Appellee.

June 19, 1997.

Appeal from the United States District Court for the Western District of Louisiana.

Before SMITH, DUHÉ and BARKSDALE, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Hugh Dreher appeals a summary judgment in which the district court refused to declare that he has not been convicted of a crime punishable by imprisonment for a term exceeding one year for purposes of 18 U.S.C. § 921(a)(20) (West Supp.1997). Finding no error, we affirm.

I.

Dreher entered a plea of *nolo contendere* in August 1987 to two counts involving mail fraud: conspiracy to commit mail fraud in violation of 18 U.S.C. § 371 and mail fraud and aiding and abetting in violation of 18 U.S.C. §§ 1341 & 1342. The charges arose from a scheme by which Dreher, an independent contractor under a construction contract with International Paper Company and PAPCO, Inc., sought reimbursement for work and materials that he claimed to have supplied, when in fact they had been supplied by

1

International Paper and PAPCO.

In September 1995, after having completed his prison and probation sentences, Dreher sought restoration of his firearm privileges that had been revoked pursuant to 18 U.S.C. § 922(g)(1) (West Supp.1997).[1] Although Dreher petitioned the Bureau of Alcohol, Tobacco and Firearms, pursuant to 18 U.S.C. § 925(c), for relief from § 922(g)(1), he received no response.[2] Thereafter, Dreher filed the instant declaratory judgment action asking the district court to declare that he is not a convicted felon under § 921(a)(20) because he falls into the "business offenses" exception of § 921(a)(20)(A) or, in the alternative, to enter a judgment restoring his firearm privileges pursuant to § 925(c).

The district court denied relief, concluding that the criminal statutes under which Dreher was convicted do not seek to preserve competition in the marketplace, the focus of the "business offenses" exception. The court dismissed Dreher's § 925(c) claim for lack of subject matter jurisdiction, holding that the language of § 925(c) permits the court to review ATF denials of firearms

---

[1] Section 922(g)(1) provides in pertinent part, "It shall be unlawful for any person—(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

[2] Dreher acknowledged in the district court that the ATF had informed him that it could not act on his request for relief under § 925(c) because Congress had ceased to provide funding for this purpose. *See* Treasury, Postal Service and General Government Appropriations Act, 1993, Pub.L. No. 102-393, 106 Stat. 1729 (1992). Since 1992, Congress has continued to deny funds for this purpose.

disabilities applications only.

II.

Because Dreher has abandoned on appeal his § 925(c) claim, we address his § 921(a)(20) claim only. Dreher submits that, because his criminal activities—billing for services not rendered—permitted him to submit lower bids to International Paper and PAPCO than otherwise possible and thereby to destroy the competitive bidding process and injure its (Dreher's) competitors, his "offenses pertain[ ] to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices." 18 U.S.C. § 921(a)(20)(A).

We review a grant of summary judgment *de novo*. *See Hanks v. Transcontinental Gas Pipe Line Corp.*, 953 F.2d 996, 997 (5th Cir.1992). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

The starting point for statutory interpretation is the language of the statute. *See Kellogg v. United States* (*In re* West Texas Marketing Corp.), 54 F.3d 1194, 1200 (5th Cir.), *cert. denied,* --- U.S. ----, 116 S.Ct. 523, 133 L.Ed.2d 430 (1995). Absent congressional direction to the contrary, words in statutes are to be construed according to their "ordinary, contemporary, common meaning[s]." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 388, 113 S.Ct. 1489, 1495, 123

3

L.Ed.2d 74 (1993). Where the statute's language is plain, " "the sole function of the courts is to enforce it according to its terms.' " *United States v. Ron Pair Enters.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989) (citation omitted). "If the language of a provision ... is sufficiently clear in its context and not at odds with the legislative history, it is unnecessary to examine the additional considerations of policy ... that may have influenced the lawmakers in their formulation of the statute." *Randall v. Loftsgaarden,* 478 U.S. 647, 656, 106 S.Ct. 3143, 3149, 92 L.Ed.2d 525 (1986) (citations and internal quotations omitted).

Section 921(a)(20) states in pertinent part, "The term "crime punishable by imprisonment for a term exceeding one year' does not include—(A) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offense relating to the regulation of business practices." Dreher urges that the focus of this section is on the actions perpetrated by the defendant that comprise the punishable crime. Thus, according to Dreher, the term "offenses" in § 921(a)(20)(A) refers to the facts underlying the charged crime—here, Dreher's unlawful billing of International Paper and PAPCO for services not rendered. Dreher continues that, because his underlying activities destroyed the competitive bidding process and injured its competitors, his "offenses" (i.e., his actions that comprise the charged offense) "pertain[ ] to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating

4

to the regulation of business practices."  18 U.S.C. § 921(a)(20)(A).

We agree with the government that the plain meaning of the term "offenses" in the context of the statute is the charged violation of law, not the facts underlying the violation of law. *Cf.* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1566 (1986).  Thus, the statute excludes from the applicable crimes "(A) any Federal or State [violations of law] pertaining to antitrust violations ... or other similar [violations of law] relating to the regulation of business, or (B) any State [violation of law] classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less."  *Id.* To define the term "offenses" as Dreher has suggested makes little sense within the context of the statutory scheme.[3]  *See, e.g., United States v. Meldish,* 722 F.2d 26, 28 (2d Cir.1983) (looking to the elements of the conviction only to determine whether the "offense" has an anti-competitive effect);  *United States v. McLemore,* 792 F.Supp. 96, 98 (S.D.Ala.1992) (noting that "[t]he government must live with its decision to prosecute Mr. McLemore's odometer rollback activity as a Title 15 trade offense [which is defined as an unfair trade practice], rather than as Title 18 mail fraud or wire fraud offense

---

[3]For example, the statute would read as follows:  "[C]rimes punishable" excludes "(A) any Federal or State [sets of facts underlying a charged crime] pertaining to antitrust violations ... or other similar [sets of facts underlying a charged crime] relating to the regulation of business practices, or (B) any State [set of facts underlying a charged crime] classified by the laws of the State as a misdemeanor punishable by a term of imprisonment of two years or less."

[which is not an unfair trade practice].").

The "offenses" (or violations of law) of which Dreher was convicted are conspiracy to commit mail fraud and mail fraud, pursuant to 18 U.S.C. §§ 371, 1341.  To prove conspiracy under § 371, the government must show:  (1) an agreement between two or more persons to commit an unlawful act and (2) an overt act by one of the conspirators in furtherance of the agreement.  *See United States v. Schmick,* 904 F.2d 936, 941 (5th Cir.1990).  To convict under § 1341, the government must prove (1) a scheme to defraud; (2) intent to defraud;  and (3) use of the mails in furtherance of the scheme.  *See United States v. Nguyen,* 28 F.3d 477, 481 (5th Cir.1994).

Because violations of §§ 371 & 1341 in no way depend on whether they have an effect upon competition, they are not "offenses" that are excluded from the § 921(a)(20) definition of "crimes punishable by imprisonment for a term exceeding one year." Thus, we agree with the district court that, pursuant to § 922(g)(1), Dreher has been convicted of a "crime punishable by imprisonment for a term exceeding one year."

AFFIRMED.

6