**David BONIELLA, Appellant**

v.

**COMMONWEALTH of Pennsylvania.**

Commonwealth Court of Pennsylvania.

Submitted July 25, 2008.

Decided Sept. 25, 2008.

David Boniella, petitioner, pro se.

No appearance entered on behalf of respondent.

OPINION PER CURIAM.

David Boniella appeals, *pro se,* from an order of the Court of Common Pleas of Fayette County (trial court) denying his motion for the return of a Taurus .25 caliber handgun. The Taurus handgun was confiscated by the Connellsville City Police Department in 1995 when Boniella was arrested for counterfeiting and related charges. In this appeal, we consider whether Boniella was entitled to appointed counsel in the hearing on his motion and whether the trial court erred in finding he was not entitled to lawful possession of the handgun.

On July 24, 1995, Boniella was arrested by the Connellsville City Police Department on charges relating to the manufacture and possession of approximately $200,000 in counterfeit U.S. currency. The subject handgun was confiscated from Boniella at the time of his arrest. Boniella was also charged by the United States Secret Service with Manufacturing Counterfeit U.S. Currency,[1] Possession of Counterfeit U.S. Currency,[2] and Forfeiture of Counterfeit Paraphernalia.[3]

On November 17, 1995, the charges filed by the Connellsville City Police Department were dropped but the federal charges pursued. Boniella was convicted of Manufacturing Counterfeit U.S. Currency, in violation of 18 U.S.C. § 471, which was a felony punishable by a term of imprisonment of not more than fifteen years.[4] Boniella was sentenced to a term of incarceration of twelve months, followed by two years of supervised release. After Boniella was arrested in West Virginia for transferring and receiving stolen property, he was returned to federal prison to serve the balance of his sentence.

The Connellsville City Police Department has retained possession of the Taurus handgun since Boniella's arrest on July 24, 1995. On September 18, 2007, Boniella filed a motion in the trial court seeking the return of the handgun, and a hearing was scheduled. Boniella filed a pre-hearing motion requesting appointment of counsel; however, that motion was denied by the trial court because it was a civil, not criminal, matter. The District Attorney of Fayette County appeared at the hearing and opposed Boniella's motion on the basis that he was prohibited by state and federal law from possessing a firearm. The trial court disagreed, in part, and held that Boniella was not precluded by Pennsylvania state law from possessing a firearm.[5] The trial court concluded, however, that Boniella was prohibited from possessing a firearm under the Federal Gun Control Act of 1968, 18 U.S.C. §§ 921–931. Accordingly,

1. 18 U.S.C. § 471.

2. 18 U.S.C. § 472.

3. 18 U.S.C. § 492.

4. At the time of Boniella's conviction, Section 471 of Title 18 of the U.S.Code provided as follows:

 Whoever, with intent to defraud, falsely makes, forges, counterfeits, or alters any obligation or other security of the United States, shall be fined under this title or imprisoned not more than fifteen years, or both.

18 U.S.C. § 471. Section 471 was amended in 2001 to increase the maximum term of imprisonment to twenty years. Act of October 26, 2001, P.L. 107–56, 115 Stat. 340.

5. Section 6105 of the Uniform Firearms Act, 18 Pa.C.S. § 6105, provides that persons who have been convicted of certain enumerated offenses or equivalent offenses under the statutes of any other State or the United States are prohibited from possessing firearms. Counterfeiting is not among the offenses enumerated in Section 6105, nor is it equivalent to any of the named offenses.

on December 20, 2007, the trial court entered an order denying Boniella's request for return of the Taurus handgun. Boniella now appeals.

 On appeal,[6] Boniella raises two issues for this Court's consideration.[7] First, Boniella argues that the trial court erred in denying his request for appointed counsel in a "criminally related matter." Second, Boniella contends the trial court erred in denying his motion for return of property because he is entitled to possess a firearm under state and federal gun control statutes.[8]

 We address, first, Boniella's assertion that the trial court erred in denying his motion for appointment of counsel. Boniella contends that a proceeding requesting the return of property is a "criminal action" and, therefore, he is entitled to appointed counsel. We disagree.

 A motion for the return of property seized during an arrest is governed by Pennsylvania Rule of Criminal Procedure 588.[9] However, although "a proceeding seeking the return of property is quasi-criminal in character, ... it is civil in form." *Commonwealth v. Johnson*, 931 A.2d 781, 783 (Pa.Cmwlth.2007). As a result, "many rights that would normally be afforded a criminal defendant in a criminal matter do not apply to motions for the

---

**6.** "Our review of a trial court's decision on a petition for the return of property is limited to examining whether the findings of fact made by the trial court are supported by competent evidence and whether the trial court abused its discretion or committed an error of law." *Singleton v. Johnson*, 929 A.2d 1224, 1227 n. 5 (Pa.Cmwlth.2007).

**7.** The Commonwealth has been precluded from filing a brief in this appeal.

**8.** We note that Boniella also asserts generally that (1) state and federal laws restricting the ownership and possession of firearms are unconstitutional; (2) he is entitled to just compensation under the Pennsylvania and United States Constitutions because his firearm has been "publicly possessed;" (3) the trial court made decisions regarding matters outside of its jurisdiction; and (4) this Court prejudiced him by not having the briefs of both parties due on the same day. Boniella has failed to adequately develop these issues in his brief as required by Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure, which states:

The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, *followed by such discussion and citation of authorities as are deemed pertinent.*

PA. R.A.P. 2119(a) (emphasis added). Additionally, this Court has held, "[w]hen issues

are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." *Commonwealth v. Feineigle*, 690 A.2d 748, 751 n. 5 (Pa.Cmwlth.1997). "Mere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of [a] matter." *Commonwealth v. Spontarelli*, 791 A.2d 1254, 1259 n. 11 (Pa.Cmwlth.2002). The additional issues cited above are conclusory statements with no supporting analysis or citation to legal authority. Therefore, we decline to address these issues.

**9.** Rule 588 of the Pennsylvania Rules of Criminal Procedure, entitled "Motion for Return of Property," states as follows:

(A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, *may move for the return of the property on the ground that he or she is entitled to lawful possession thereof.* Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

(B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

return of property." *In re One 1988 Toyota Corolla (Blue Two–Door Sedan) Pa. License TPV 291,* 675 A.2d 1290, 1295 (Pa.Cmwlth.1996) (footnote omitted). The right to appointed counsel is one such right.

In *Commonwealth v. $9,847.00 U.S. Currency,* the Supreme Court of Pennsylvania held that there is no constitutional right to the appointment of counsel in a civil forfeiture proceeding. 550 Pa. 192, 201, 704 A.2d 612, 617 (1997). The court explained, "[t]here is a presumption ... that 'an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty.'" *Id.* at 197, 704 A.2d at 615 (quoting *Lassiter v. Department of Social Services,* 452 U.S. 18, 26, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981)).

 Boniella's claim for return of property is distinct from a forfeiture action, the proceeding in *$9,847.00 U.S. Currency.*[10] This Court has explained that a proceeding for return of property under Pennsylvania Rule of Criminal Procedure 588 "is simply a 'mirror image' of a forfeiture action under the Forfeiture Act." *In re One 1988 Toyota Corolla,* 675 A.2d at 1295. Like a civil forfeiture proceeding, a motion for the return of property is an *in rem* action in which a claimant "is not in danger of a loss of personal liberty should

he be unsuccessful at trial." *$9,847.00 United States Currency,* 550 Pa. at 201, 704 A.2d at 617. In fact, a claimant seeking the return of property has a less compelling interest in appointed counsel than a claimant in a forfeiture action because "even if the court denies the motion to return the property to a person claiming ownership, it is not automatically forfeited to the Commonwealth until the Commonwealth files a petition to forfeit." *In re One 1988 Toyota Corolla,* 675 A.2d at 1295 n. 10. Therefore, we find no error by the trial court in denying Boniella's request for the appointment of counsel.

 Next, we consider Boniella's contention that the trial court erred in denying his motion for return of the Taurus handgun. The trial court found that Boniella was prohibited from possessing a firearm under Section 922(g)(1) of the Federal Gun Control Act of 1968, 18 U.S.C. § 922(g)(1),[11] due to his federal conviction for Manufacturing Counterfeit U.S. Currency, which was punishable by a term of imprisonment of more than one year. The trial court found that the Connellsville City Police Department was likewise prohibited from transferring possession of the Taurus handgun to Boniella because of his conviction, citing Section 922(d)(1) of the Federal Gun Control Act, 18 U.S.C. § 922(d)(1).[12]

PA. R.CRIM.P. 588 (emphasis added).

**10.** Motions for return of property are filed pursuant to PA. R.CRIM.P. 588, while forfeiture actions like that in *$9,847.00 U.S. Currency* are brought under Section 6802 of the act commonly known as the Controlled Substances Forfeiture Act, 42 Pa.C.S. § 6802.

**11.** Section 922(g)(1) provides:

It shall be unlawful for any person-who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or

ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.
18 U.S.C. § 922(g)(1).

**12.** Section 922(d)(1) provides:

It shall be unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person—is under indictment for, or has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year.

Boniella argues that he is not prohibited from possessing a firearm under Section 922(g)(1) because his counterfeiting conviction falls under the "business offenses" exception of Section 921(a)(20)(A) of the Federal Gun Control Act. We disagree.[13]

 The "business offenses" exception cited by Boniella states:

> The term "crime punishable by imprisonment for a term exceeding one year" does not include—any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices.

18 U.S.C. § 921(a)(20)(A). In explaining the scope of this exception, multiple United States circuit courts have held that it does not encompass all business-related offenses; the exception is limited to offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or offenses *similar* to them. *See, e.g., United States v. Stanko,* 491 F.3d 408 (8th Cir.2007); *Dreher v. United States,* 115 F.3d 330 (5th Cir.1997); *United States v. Meldish,* 722 F.2d 26 (2d Cir.1983). To determine if an offense is similar to an antitrust violation, unfair trade practice, or restraint of trade, a court must consider whether the primary purpose of the convicting statute is to protect consumers and competition from economic harm, and whether the government must prove an effect on consumers and competition as an element of the offense. *Stanko,* 491 F.3d at 415; *Dreher,* 115 F.3d at 332–33; *Meldish,* 722 F.2d at 27–28.[14] Therefore, if a violation of a statute is not dependent upon whether it has an effect on competition, it does not fall within the "business offenses" exception of 18 U.S.C. § 921(a)(20)(A).

Applying the foregoing principles to the present matter, we reject Boniella's argument that counterfeiting is a "business offense" for purposes of the Federal Gun Control Act. The plain language of the counterfeiting statute reveals that the government is not required to prove an effect on consumers or competition as an element of the offense:

> Whoever, with intent to defraud, falsely makes, forges, counterfeits, or alters any obligation or other security of the United States, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 471. As one federal circuit court has noted, "[t]he manifest purpose of the counterfeiting statute is the protection of all currency and obligations of the United States." *United States v. LeMon,* 622 F.2d 1022, 1024 (10th Cir.1980). The primary purpose of the statute is not to protect consumers and competition. We

18 U.S.C. § 922(d)(1).

**13.** Boniella also suggests that the trial court lacked jurisdiction to interpret and apply the Federal Gun Control Act. Boniella's jurisdictional argument is without merit. Under the Supremacy Clause in Article VI, Clause 2 of the U.S. Constitution, "federal law is the supreme law of the land and any conflicts between federal and state laws must be resolved in favor of federal law." *Mastrocola v. Southeastern Pennsylvania Transportation Authority,* 941 A.2d 81, 88 (Pa.Cmwlth.2008). Stated otherwise, in determining whether Boniella was entitled to "lawful possession" of the

handgun under Pa. R.Crim.P. 588, the trial court could not ignore federal law.

**14.** "[T]he focus on the purpose and elements of the statute of conviction in these cases endures notwithstanding the possibility that the defendant's criminal conduct may also have incidentally hampered competition or had negative economic effects on consumers.... [T]he plain meaning of 'offenses' [in Section 921(a)(20)(A)] refer[s] solely to the charged violation of law and not to the possible incidental effects of the defendant's activities." *Stanko,* 491 F.3d at 415 (citing *Dreher,* 115 F.3d 330).

therefore conclude that the "business offenses" exception in Section 921(a)(20)(A) of the Federal Gun Control Act, 18 U.S.C. § 921(a)(20)(A), has no application here.

In sum, we hold that the trial court did not err in denying Boniella's motion for return of property. Boniella could not establish that he was entitled to "lawful" possession of the subject Taurus handgun because, under Section 922 of the Federal Gun Control Act of 1968, 18 U.S.C. § 922, Boniella was prohibited from receiving or possessing a firearm.[15]

For all of the foregoing reasons, the trial court's order is affirmed.

### ORDER

AND NOW, this 25th day of September, 2008, the order of the Court of Common Pleas of Fayette County, dated November 5, 2007, in the above-captioned matter is hereby AFFIRMED.

### CONCURRING OPINION BY Judge PELLEGRINI.

There is no dispute that the firearm at issue is not derivative contraband and is not subject to forfeiture. Nonetheless, I agree with the majority that even though David Boniella owns the firearm, as a consequence of his conviction for counterfeit-

ing, he is not entitled to its return because he is legally disqualified from possessing a firearm under the Federal Gun Control Act of 1968, 18 U.S.C. §§ 921–931. Because Boniella still owns the firearm, I write separately to note that we do not address a public official's responsibility to give possession of a firearm to a person to whom Boniella has made a bona fide transfer of his ownership interest.

---

**15.** The concurring opinion suggests that we should address the Connellsville City Police Department's obligation to release the Taurus handgun to a hypothetical individual to whom Boniella may transfer lawful possession. We see no need at this juncture to address issues and forms of relief that were not raised by either Boniella or the Commonwealth. Among the novel forms of relief actually requested by Boniella are a $10,000 fine against the Commonwealth for "its negligence;" a $100,000 fine against the Fayette County District Attorney for "criminal libel and defama-

tion;" $950,000 in "just compensation" for the public seizure of his firearm; and a certificate that the firearm has been destroyed if it is not returned to Boniella. Brief for Appellant at 7. These requests mirror Boniella's *ad hominem* assertions that he is "sick and tired of judges and politicians trying to trample on [his] natural rights" and that the order appealed represented a "colluded compromise among the judge, district attorney, and federal agents to support Democratic, fascist, and unconstitutional gun-control laws." *Id.* at 5.