IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Duncan,                          :
                    Appellant           :
                                        :
        v.                              :    No. 2230 C.D. 2015
                                        :    Submitted: May 20, 2016
City of Philadelphia, Bureau of         :
Administrative Adjudication             :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                          FILED: August 26, 2016

        Robert Duncan, representing himself, appeals an order of the Court of
Common Pleas of Philadelphia County (trial court) affirming, in part, a decision by
the City's Bureau of Administrative Adjudication (Bureau) finding Duncan liable
for two parking tickets. Duncan assigns various errors and raises constitutional
issues related to the issuance of the tickets and the Bureau's hearing process. For
the reasons that follow, we affirm.

        On September 12, 2013, Duncan was issued parking ticket number
593856107 (Ticket One) for parking at an expired meter on the 500 block of South
10th Street, Philadelphia. On September 19, 2013, Duncan was issued parking
ticket number 595150244 (Ticket Two) for making a prohibited stop of his vehicle
at 1401 Arch Street, Philadelphia. Duncan appealed Ticket One and Ticket Two to
the Bureau. On February 24, 2015, a Bureau hearing examiner conducted a
hearing and found Duncan liable for both tickets. Duncan appealed to the trial
court. Following oral argument, the trial court entered an order affirming the

Bureau's decision as to Ticket One and Ticket Two.[1]  Duncan's appeal to this Court followed.

On appeal,[2] Duncan raises several issues, which we consolidate and reorder to facilitate our review.  First, Duncan argues that the trial court erred in finding that the tickets conformed with the requirements in The Traffic Code (Traffic Code) Section 12-2804(3).[3]  This Code provision states, in relevant part, that

> [t]he parking ticket shall also contain other sufficient information to identify the vehicle and to inform the person of the nature, date, time and location of the violation alleged.

PHILA. CODE §12-2804(3).  Duncan argues that the tickets were deficient because they did not contain sufficient information to notify him of the actual location of the vehicle on a particular block.  We disagree.

Ticket One stated that the offense occurred on September 12, 2013, at 5:22 p.m. on the west side of the 500 block of South 10th Street.  The ticket further identified the make, color and plate number of the vehicle.  The offense was identified as a meter violation and included the meter number.  Ticket Two stated that the offense occurred on September 19, 2013, at 11:29 a.m. at the north side of 1401 Arch Street.  This ticket also identified the make, color and plate number of

---

[1] A third ticket was remanded to the Bureau for a full hearing and is therefore not addressed in the instant appeal.

[2] Where the trial court does not take any additional evidence, our scope of review over the decision of a local agency is limited to determining whether constitutional rights were violated, whether an error of law was committed, whether the procedure before the local agency was contrary to statute, and whether necessary findings of fact are supported by substantial evidence. *Kovler v. Bureau of Administrative Adjudication*, 6 A.3d 1060 n.1 (Pa. Cmwlth. 2010) (citing Section 754 of the Local Agency Law, 2 Pa. C.S. §754).

[3] The Traffic Code is set forth at Title 12 of The Philadelphia Code.

2

the vehicle. The offense was identified as a stop violation at the aforementioned address. Both tickets satisfied the identification and information requirements set forth in Section 12-2804(3) of the Traffic Code.

In his second issue, Duncan alleges that the trial court erred in finding that the tickets conformed to the requirements of Traffic Code Section 12-2804(5), which states that

> [t]he original parking ticket shall be signed by the issuing officer who shall affirm the truth of the facts set forth therein.

PHILA. CODE §12-2804(5). Duncan contends that the issuing officers failed to comply with Section 12-2804(5) because they electronically signed the tickets. We disagree.

Ticket One was electronically signed by Officer M. Rivera. Bureau Hearing, 2/24/2015, Exhibit 1. Ticket Two was electronically signed by Officer K. Holtzman. Bureau Hearing, 2/24/2015, Exhibit 2. It has long been held in the First Judicial District that electronic signatures satisfy Section 12-2804(5). *See, e.g., Pavlock v. Bureau of Administrative Adjudication, ex rel. Philadelphia Parking Authority* (Court of Common Pleas of Philadelphia County, August Term 2011, No. 01049, filed October 2, 2012). We discern no reason to depart from this long-held precedent. Further, Duncan has not explained why an electronic signature is less reliable than a signature on a paper ticket. Such is the reality of our digital age. We agree with the trial court that both tickets complied with Section 12-2804(5) of the Philadelphia Code.

In his third issue, Duncan raises various due process issues. First, he argues that the Bureau's hearing examiner assumed the role of the Philadelphia Parking Authority in the hearing, thereby commingling prosecutorial and

3

adjudicative functions. While Duncan does not develop this argument beyond stating it,[4] we presume he takes issue with the hearing examiner's status as a City employee. This Court rejected this identical argument in *Kovler v. Bureau of Administrative Adjudication*, 6 A.3d 1060 (Pa. Cmwlth. 2010), where a motorist challenged a Bureau hearing examiner's impartiality because he was a City employee. This Court held that "[Bureau of Administrative Adjudication] hearing examiners are not constitutionally disqualified from presiding over parking violations based solely on their status as employees of the City." *Id.* at 1064 n.6. Accordingly, we hold that Duncan's right to due process was not violated by virtue of the hearing examiner's status as a City employee.

Next, Duncan asserts that the hearing examiner tainted the procedure by commenting "well, [this matter is] going to go back, but we will go through each ticket." Bureau Hearing, 2/24/2015, at 3. Duncan provides no explanation for how this statement prejudiced his case or demonstrated the hearing examiner's impartiality.[5] It is well settled that an appellate court will not consider issues that are not properly raised and developed in a brief. *Boniella*, 958 A.2d at 1072 n.8. *See also* Pa. R.A.P. 2119(a) (requiring argument of issues to be "followed by such discussion and citation of authorities as are deemed pertinent."). Duncan has failed

---

[4] As a general rule, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." *Boniella v. Commonwealth*, 958 A.2d 1069, 1072 n.8 (Pa. Cmwlth. 2008) (quoting *Commonwealth v. Feineigle*, 690 A.2d 748, 751 n.5 (Pa. Cmwlth. 1997)). "Mere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of [a] matter." *Boniella*, 958 A.2d at 1072 n.8 (quoting *Commonwealth v. Spontarelli*, 791 A.2d 1254, 1259 n.11 (Pa. Cmwlth. 2002)). *See also* Pa. R.A.P. 2119(a) (requiring argument of issues to be "followed by such discussion and citation of authorities as are deemed pertinent.").

[5] This issue was mentioned preliminarily in Duncan's argument summary, but is entirely absent from the argument section of his brief.

to develop any argument as to how the hearing examiner was biased against him, and this Court will not invent one. Moreover, the record reflects that the hearing examiner went through each ticket individually to ensure that they complied with the Philadelphia Code. We reject this basis for Duncan's due process claim.

In his final due process argument, Duncan asserts that the trial court erred in ignoring his request to cross-examine the issuing officers of the tickets. Specifically, Duncan asserts that "the ticket should be dismissed because of the failure of the ticket writer to appear at the hearing, in violation of Pennsylvania Administrative Agency Law." Duncan Brief at 6.[6] There are multiple issues with this argument; we address them in turn.

Section 554 of the Local Agency Law provides, in relevant part, that "reasonable examination and cross-examination shall be permitted" in a local agency proceeding. 2 Pa. C.S. §554. The Bureau has promulgated regulations governing the conduct of its hearings. Section 5.02(f) of the Bureau's regulations provides:

> The Respondent shall have the right to present witnesses, to conduct examinations and to introduce documentary evidence….The participation in the hearing of the issuing officer shall not be required except as follows:
>
> > (i) The Respondent may request examination of the issuing officer, provided that the Respondent first presents all issues and defenses at the initial scheduled hearing. Such request shall set forth all of the following:

---

[6] Duncan's brief cites to 2 Pa. C.S. §544, which does not exist. We presume from the context of the question presented that Duncan intended to cite to Section 554 of the Local Agency Law, dealing with cross-examination under local agency procedure.

(.1) The facts the Respondent expects the testimony of the issuing officer would provide.

(.2) The reasons why such facts are material to the adjudication of the violation charged.

(.3) The reasons why the most reasonable means of establishing such facts is through testimony of the issuing officer.

(ii) If the Parking Hearing Examiner finds that the most reasonable means of establishing facts necessary to adjudication of the violation charged is through testimony of the issuing officer, the hearing may be continued to a date when the issuing officer will be present.

REGULATIONS OF THE BUREAU OF ADMINISTRATIVE ADJUDICATION, §5.02(f). Thus, absent a finding that the issuing officer's presence is the most reasonable means of establishing necessary facts, the officer's presence is not required.

In *Kovler*, this Court addressed the argument that due process guaranteed the right to cross-examine a ticket-issuing officer and rejected it; we concluded that there is no right to confront witnesses in civil cases. *Kovler*, 6 A.3d at 1064. Further, Kovler did not request the officer's attendance at the hearing and did not raise any issue that might require the presence of that officer. Because Kovler did not challenge the time, date, location, reason, or any other information provided on the ticket, the issuing officer's presence was unnecessary in order to establish the facts necessary for adjudication of the parking ticket.

In the present case, although Duncan requested to examine the issuing officers at the hearing, the hearing examiner concluded that Duncan failed to make

6

a persuasive case that their presence would be necessary to adjudicate the matter. Here, as in *Kovler*, Duncan does not deny the location of his vehicle at the time the tickets were issued or contend that the officers lacked valid reasons for issuing the tickets. Instead he argues that Ticket One and Ticket Two failed to conform with certain technical requirements of the Philadelphia Code, as discussed above. Because the issuing officers' presence was unnecessary to determine whether each ticket complied with the Philadelphia Code, Duncan's third due process argument fails.

In his final argument, Duncan asserts the trial court failed to enforce a settlement agreement reached in *Pavlock*. The City of Philadelphia and the Philadelphia Parking Authority appealed the trial court's order of July 9, 2012, in *Pavlock* to this Court. *Pavlock v. Bureau of Administrative Adjudication ex rel. Philadelphia Parking Authority* (Pa. Cmwlth., No. 1474 C.D. 2012). The appeal to this Court was discontinued on June 4, 2013, following a joint motion of the parties based on a settlement agreement. Specifically, Duncan contends the Bureau failed to comply with the settlement terms in paragraphs 2(A), 2(C)(ii), and (7). These paragraphs deal with the issuance of proposed regulations, the posting of regulations online, and the enforceability of the agreement. Duncan offers no evidence or argument as to how the Bureau violated the settlement agreement, or how the Bureau's compliance with the agreement could have possibly affected his case. Accordingly, Duncan's final argument fails.

For all of the reasons discussed above, we affirm the trial court's order.

_____
MARY HANNAH LEAVITT, President Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Duncan,                   :
            Appellant          :
                              :
          v.                  :    No. 2230 C.D. 2015
                              :
City of Philadelphia, Bureau of   :
Administrative Adjudication     :

## **O R D E R**

       AND NOW, this 26th day of August, 2016, the order of the Court of Common Pleas of Philadelphia County dated October 8, 2015, in the above-captioned matter is AFFIRMED.

 

                      _____
                      MARY HANNAH LEAVITT, President Judge