City of Allentown,                          :
                          Petitioner        :
                                            :
          v.                                :
                                            :
Workers' Compensation                       :
Appeal Board (Sames),                       :     No. 484 C.D. 2017
                          Respondent        :     Submitted: August 4, 2017


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                 FILED: January 5, 2018


          The City of Allentown (Employer) petitions this Court for review of the
Workers' Compensation (WC) Appeal Board's (Board) March 22, 2017 order
affirming the Workers' Compensation Judge's (WCJ) decision granting Vicki Sames'
(Claimant) Claim Petition (Claim Petition). Employer presents two issues for this
Court's review: (1) whether the WCJ issued a reasoned decision; and, (2) whether the
WCJ erred by awarding Claimant total disability benefits because Claimant was not
released to work due to a non-work-related injury at the time she underwent surgery
for her alleged work-related injury. After review, we affirm.

          Claimant was employed by Employer as a full-time paramedic. On
January 3, 2014 while responding to a call, Claimant slipped and fell over a snow-
covered curb and landed on her right shoulder. Although Claimant immediately felt
pain, she could still move her arm and did not think it was broken, so she finished the
call. Upon returning from the call, Claimant filled out an injured medic report to notify

her supervisors of the incident, and then completed her shift. She did not seek medical treatment right away, but rather self-treated with ice and anti-inflammatory and pain medicine. Claimant's pain would go away on her days off and flare up when she worked, so she continued working her full-duty position. In mid-February, after shoveling snow from her sidewalk, Claimant experienced pain across both of her shoulders. Because her pain persisted, Claimant sought medical treatment on March 10, 2014 and, ultimately, underwent spinal fusion surgery on April 21, 2014. Claimant stopped working on March 10, 2014.

Because Claimant continued to experience right shoulder pain, and was having difficulty extending her arm and lifting anything, as well as sleeping or laying on it, she sought medical treatment on May 16, 2014. She had an MRI of her right shoulder and was treated with physical therapy. Orthopedic surgeon Randy Jaeger, M.D. (Dr. Jaeger) informed Claimant that her right shoulder injury could be career ending; thus, she went to David L. Rubenstein, M.D. (Dr. Rubenstein) for a second opinion. On August 18, 2014, Claimant underwent right rotator cuff repair surgery. On January 20, 2015, Claimant returned to her pre-injury job.

On September 26, 2014, Claimant filed her Claim Petition, alleging that she sustained a right shoulder rotator cuff tear on January 3, 2014, when she slipped and fell during the course and scope of her employment. WCJ hearings were held January 14, May 6, and October 28, 2015. On March 24, 2016, the WCJ granted Claimant's Claim Petition; awarded temporary total disability (TTD) benefits from August 18, 2014 to January 19, 2015; suspended Claimant's TTD benefits as of January 20, 2015; and terminated Claimant's TTD benefits as of April 2, 2015. Claimant and

2

Employer cross-appealed to the Board. On March 22, 2017, the Board affirmed the WCJ's decision. Employer appealed to this Court.[1]

Employer first argues that the WCJ did not issue a reasoned decision because Employer's medical evidence unequivocally disputed a causal connection between Claimant's January 3, 2014 fall and her right rotator cuff tear. Employer specifically contends that the WCJ capriciously disregarded the assessments of five physicians and accepted the assessment of one doctor without explanation. We disagree.

Initially,

Section 422(a) of the [WC] Act [(Act)[2]] aids meaningful appellate review by requiring the WCJ to issue a reasoned decision containing findings of fact and conclusions of law based upon the record as a whole and clearly stating the rationale for the decision. When the WCJ is faced with conflicting evidence, [S]ection 422(a) of the Act requires the WCJ to state the reasons for rejecting or discrediting competent evidence. The reasoned decision requirement does not permit a party to challenge or second-guess the WCJ's reasons for credibility determinations; determining the credibility of witnesses remains the quintessential function of the WCJ as the finder of fact. The WCJ is free to accept, in whole or in part, the testimony of any witness. However, the WCJ may not capriciously disregard evidence. A 'capricious disregard' of evidence is a 'deliberate disregard of competent evidence which one of ordinary intelligence could not possibly have avoided in reaching a result.' *Leon E. Wintermyer, Inc. v. Workers' Comp*[.] *Appeal* [*Bd.*] *(Marlowe)*, . . . 812 A.2d 478, 487 n. 12 ([Pa.] 2002).

---

[1] "On review[,] this Court must determine whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial competent evidence." *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014).

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 834.

*Reed v. Workers' Comp. Appeal Bd. (Allied Signal, Inc.),* 114 A.3d 464, 470 (Pa. Cmwlth. 2015) (citations omitted).

At the outset, it is important to set forth the chronology of events and Claimant's doctor visits. On January 3, 2014, Claimant injured her **right** shoulder at work for which, although she submitted an injury report that same day, she did not immediately seek medical treatment. On February 13, 2014, Claimant injured her neck and **left** shoulder while shoveling snow, which are the injuries for which Mei Wong, M.D. (Dr. Wong) eventually performed the April 21, 2014 cervical fusion surgery. However, before that surgery, Claimant treated with five different doctors at Coordinated Health for her neck and left shoulder injury: Dale Bautista, M.D.; Shahid Noor, M.D.; Dr. Jaeger; Brian Goldberg, M.D.; and Dr. Wong. According to Employer's medical expert Ira C. Sachs, D.O. (Dr. Sachs), none of those five medical providers recorded any deficits or problems with Claimant's right shoulder or any indication of a work-related injury. *See* Reproduced Record (R.R.) at 130a-137a (Dr. Sachs' Report). These are the five assessments Employer asserts the WCJ capriciously disregarded.

On May 14, 2014, Claimant treated with her family physician Matthew Winas, D.O. (Dr. Winas) for her **right** shoulder injury. Dr. Winas diagnosed a possible right rotator cuff tear, and referred Claimant to Dr. Jaeger, who ordered an MRI and confirmed that Claimant had a right rotator cuff tear. Dr. Jaeger advised Claimant that the injury could be a career-ending injury. Thereafter, Claimant sought a second opinion from Dr. Rubenstein. *See* R.R. at 25a-26a (Claimant's testimony). On August 18, 2014, Dr. Rubenstein performed Claimant's rotator cuff repair surgery. Thereafter, Claimant returned to her pre-injury job on January 20, 2015.

Claimant presented, *inter alia*, Dr. Rubenstein's July 22, 2014 medical record, wherein Dr. Rubenstein noted that Claimant expressed that her right shoulder problem was related to her January 3, 2014 fall, *see* R.R. at 184a; and Dr. Rubenstein's

June 10, 2015 narrative report in which he concluded that "[Claimant] did sustain a work-related injury to her right shoulder that resulted in traumatic impingement syndrome and full thickness rotator cuff tear that required surgery" on August 18, 2014. R.R. at 201a. Employer presented, *inter alia*, Dr. Sachs' deposition transcript, during which he opined that Claimant's "medical records contemporaneous with her treatment and as things were unfolding [sic] would not support th[e] contention" that "the difficulties with [Claimant's] right shoulder which led to her surgery are in any way related to the alleged trip-and-fall on January 3, 2014 over a snow-covered curb[.]" R.R. at 106a-107a. Employer also presented Dr. Jaeger's medical records wherein he noted that the tear appeared to have been present before Claimant's January 3, 2014 fall, and questioned whether the tear was reparable and, if so, whether it would heal. *See* R.R. at 162a. The WCJ determined that Dr. Sachs' and Dr. Jaeger's causation testimony was not credible and Dr. Rubenstein's opinions were credible.

> The WCJ clearly stated the rationale for these determinations:

> The issue is causation. Employer's witness, Dr. Sachs, opined that Claimant could not have suffered such a severe injury to her right shoulder on January 3rd, as shown in the later MRI, and continued to work her regular job, and not seek treatment for it until May 16th, a few months after suffering a subsequent February 13th injury to a different body part, for which she first sought treatment and went out of work on March 10th. The problem with his opinion is that there was no medical record of right shoulder injury, symptoms, or treatment before January 3rd, nor after that date and before May 16th. If her shoulder condition was so significant on May 23rd that she should have immediately complained when it happened, when did it occur? Dr. Sachs' causation opinion is unworthy of belief and not credible. The records of the Coordinated Health physicians reveal that Claimant did not discuss her right shoulder problems until after her April 21st cervical spine surgery, but she clearly described the January incident to Dr. Jaeger at her May 27th visit. His record stated that the tear appeared to have been present before her fall and was so large that it could not be

5

repaired. However, not only was it repairable, Dr. Rubenstein did such a good job that Claimant was able to return to her pre-injury position six months after surgery and Dr. Sachs opined, credibly, that she was fully recovered. Thus, Dr. Jaeger's causation and prognosis opinions are not credible. Dr. Rubenstein, the treating surgeon, opined that the right shoulder condition on which he operated was related to [Claimant's] fall. Although his records and narrative report did not provide a detailed causation opinion based upon a specific mechanism of injury, his July 22nd initial examination stated that Claimant related her injury to her January 3, 2014[] fall, and his June 10th report opined that she sustained a work-related traumatic impingement syndrome and full thickness rotator cuff tear for which he performed arthroscopic debridement of a labral tear and a frayed biceps, subacromial decompression, and supraspinatus tendon repair. I find his opinions, as the operating surgeon, competent, credible, consistent with Claimant's mechanism of injury, and persuasive.

WCJ Dec. at 9. Based on the above, we hold that the explanation aids in meaningful appellate review as to how and on what basis the WCJ reached the conclusion. In addition, the WCJ did not capriciously disregard any evidence, but rather properly stated the reasons for rejecting or discrediting competent evidence. Accordingly, the WCJ's decision is well-reasoned pursuant to Section 422(a) of the Act.

Employer next contends that the WCJ erred by awarding Claimant total disability benefits because Claimant was not released to work due to a non-work-related injury at the time she underwent surgery for her alleged work-related injury. Specifically, Employer maintains:

During the Claimant's direct testimony, she only testified to [Dr. Rubenstein] not releasing her to return to her paramedic duties. However, during cross-examination, she acknowledged during the following exchange [that Dr. Wong] had not released her to return to work in connection with the cervical fusion surgery performed on April 21, 2014, prior to the August 18, 2014 surgery by [Dr. Rubenstein]:

6

> A. I'm still not released from [Dr. Wong] yet. She won't release me until I get released from my shoulder injury. To go back to work.
>
> Q. So Dr. Wong has not released you to go back to work?
>
> A. No, she has not.

(R. 50a).

> Since she was not clear to return to work from the non-work related condition (cervical fusion surgery), regardless of the status associated with her right shoulder, she is disqualified from disability benefits.

Employer Br. at 29. The above-quoted language is Employer's entire argument.

> [Employer] has failed to adequately develop th[is] issue[] in [its] brief as required by Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure, which states:
>
>> The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, *followed by such discussion and citation of authorities as are deemed pertinent.*
>
> Pa.R.A.P. 2119(a) (emphasis added). Additionally, this Court has held, '[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof.' *Commonwealth v. Feineigle,* 690 A.2d 748, 751 n.5 (Pa. Cmwlth. 1997). 'Mere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of [a] matter.' *Commonwealth v. Spontarelli,* 791 A.2d 1254, 1259 n.11 (Pa. Cmwlth. 2002). The additional issue[] cited above [is a] conclusory statement[] with no supporting analysis or citation to legal authority.

*Boneilla v. Commonwealth*, 958 A.2d 1069, 1072 n.8 (Pa. Cmwlth. 2008). Thus, by failing to add any discussion, legal analysis or legal citations to support its assertion, Employer waived this issue.

7

Notwithstanding, Claimant's testimony with respect to whether Dr. Wong had released her to return to work is not sufficient evidence to support the conclusion that her non-work-related injury was the cause of her disability. However, the fact that, according to Claimant, Dr. Wong did not release Claimant from her non-work-related injury because she had not yet been released from her work-related injury, does not disqualify Claimant from receiving WC benefits. "The cases are clear that, where there are alleged competing causes for disability . . . , the claimant must establish that the work-related injury was a substantial, contributing factor to that disability . . . ." *Pa. State Univ. v. Workers' Comp. Appeal Bd. (Rabin, Deceased),* 53 A.3d 126, 133 (Pa. Cmwlth. 2012).

> When delivering a causation opinion in a [WC] case, a doctor or medical expert is not required to use magic words such as 'substantial contributing factor,' 'materially contributed,' or . . . 'cause in fact.' Rather, '[i]t is only necessary that the doctor's testimony permit a valid inference that such causation was present.'

*Id.* (quoting *Thomas Lindstrom Co. v. Workers' Comp. Appeal Bd. (Braun),* 992 A.2d 961, 967 (Pa. Cmwlth. 2010) (citations omitted)). Because the record clearly established that Claimant's rotator cuff repair surgery was a "cause in fact" of her disability, the WCJ properly awarded Claimant total disability benefits. *Id.*

For all of the above reasons, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Allentown,           :
                   Petitioner    :
                             :

         v.                   :
                             :

Workers' Compensation   :
Appeal Board (Sames),    :   No. 484 C.D. 2017
                   Respondent  :

## O R D E R

AND NOW, this 5th day of January, 2018, the Workers' Compensation Appeal Board's March 22, 2017 order is affirmed.

_____
ANNE E. COVEY, Judge