Richard D. Navarro, : 
               Petitioner : 
  : 
     v. : 
  : 
Pennsylvania State Police, :   No. 1510 C.D. 2022
               Respondent :   Submitted: December 4, 2023


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
             HONORABLE CHRISTINE FIZZANO CANNON, Judge
             HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON             FILED: January 10, 2024


Richard D. Navarro (Petitioner) petitions *pro se* for review of the October 3, 2022 adjudication and order (Adjudication) of an administrative law judge of the Office of the Attorney General (ALJ)[1] that denied his application for return of a firearm (Application) based on a disqualifying criminal conviction. Upon review, we affirm.

This Court briefly outlined the underlying facts and procedural posture of this matter in a previous memorandum opinion as follows:

---

[1] We observe that the ALJ who filed the Adjudication at issue in the instant appeal differs from the ALJ who filed the ALJ decision at issue in our previous memorandum opinion in this matter. *See* Adjudication; Findings and Reasons for Denial of Requested Relief dated Jan. 25, 2018; *see also Navarro v. Pa. State Police* (Pa. Cmwlth., No. 1433 C.D. 2017, filed May 17, 2018), *aff'd*, 212 A.3d 26 (Pa. 2019). However, because the fact that different ALJs presided over the various stages of the proceedings has no bearing on this Court's resolution of the matter herein, we make no distinction between the two ALJs in this memorandum opinion.

On November 20, 2013, Petitioner pleaded guilty to two counts of forgery,[1] both graded as misdemeanors of the first degree.[2] The trial court sentenced Petitioner the same day to 24 months' probation.

[1] 18 Pa.C.S. §§ 4101(a)(1) & (3).

[2] 18 Pa.C.S. § 4101(c).

On October 3, 2016, Petitioner submitted the Application, which was denied after a Pennsylvania Instant Check System (PICS) report indicated Petitioner had disqualifying criminal convictions. Petitioner timely challenged the denial. By letter dated December 23, 2016, [] Pennsylvania State Police (PSP) informed Petitioner that it had confirmed the denial of the Application pursuant to Section 922(g) of the Federal Gun Control Act (GCA)[3] based on his disqualifying 2013 first-degree misdemeanor forgery convictions.

[3] 18 U.S.C. §§ 921-931.

Petitioner timely appealed the PSP determination, and a hearing took place before an ALJ on July 7, 2017. On August 15, 2017, the ALJ denied the Application. On September 12, 2017, Petitioner appealed to this Court.

*Navarro v. Pa. State Police* (Pa. Cmwlth., No. 1433 C.D. 2017, filed May 17, 2018) (*Navarro I*), slip op. at 1-2 (some footnotes omitted), *aff'd*, 212 A.3d 26 (Pa. 2019) (*Navarro II*). However, because the ALJ made no findings regarding the interstate or foreign commerce status of the firearm that Petitioner requested be returned, this Court determined that it lacked necessary information to properly determine whether

2

the firearm should not be returned pursuant to Section 922(g).[2]  *See Navarro I*, slip op. at 5.  Accordingly, the Court vacated the ALJ's decision and remanded the matter for further findings.  *See id.*

PSP appealed to the Supreme Court of Pennsylvania, which granted the appeal and concluded as follows:

> [T]he Commonwealth Court did not err in determining the ALJ must make findings regarding the interstate or foreign commerce status of a firearm before affirming PSP's decision to deny transfer to [Petitioner].  PSP clearly presented "accurate" record information to the extent it included a conviction for a crime punishable by up to five years' imprisonment.  However, the information was incomplete to the extent it failed to show the firearm in question moved in interstate or foreign commerce, a required element of the prohibition under federal law on which PSP relied.  As the Commonwealth Court here properly found, the federal prohibition of Section 922(g) simply cannot apply absent some proof the firearm at issue moved in interstate or foreign commerce.  We agree with the panel's conclusion the evidence relating to such commerce need not be extensive and may be satisfied by showing the gun was manufactured outside Pennsylvania (or that the gun otherwise crossed state lines).

*Navarro II*, 212 A.3d at 54.

---

[2] In the Adjudication, the ALJ states that in *Navarro I*, this Court found the ALJ had correctly determined that Petitioner's guilty pleas to forgery constituted disqualifying convictions under the GCA.  *See* Adjudication at 2-3.  We observe that the Court did not so find in *Navarro I*, but instead simply explained that such a finding, together with evidence that the firearm sought to be purchased, possessed, or received, moved in interstate commerce, is necessary to trigger Section 922(g) of the GCA.  *See Navarro I*, slip op. at 2-5.  However, because the ALJ on remand made the required findings of fact discussed in *Navarro I*, we will address the question of disqualifying convictions now in this memorandum opinion.

Following our Supreme Court's decision in *Navarro II*, the ALJ conducted an evidentiary hearing in compliance with this Court's remand order. The ALJ then issued the Adjudication, finding as a fact that Petitioner had pleaded guilty to two counts of forgery graded as misdemeanors of the first degree, which offenses were punishable by imprisonment of up to five years. *See* Adjudication at 5-6. Further, based on PSP's exhibits entered into evidence at the hearing,[3] the ALJ also found that "[t]he firearm that [Petitioner] sought to have returned to him was manufactured by Bushmaster Firearms International in Windham, Maine[,]" and that, "[i]n order to be in Pennsylvania, the firearm had to cross state lines and move in interstate commerce given that it was manufactured in Maine." *Id.* at 6. Accordingly, the ALJ concluded that PSP satisfied its burden to prove that Petitioner is prohibited by law from receiving or possessing a firearm, that the firearm in question moved in interstate commerce, and that PSP properly denied the Application. *See* Adjudication at 8. Petitioner timely appealed the Adjudication to this Court.[4]

In the instant appeal, Petitioner alleges that Section 922(g) of the GCA violates the United States Constitution's Commerce Clause[5] and is therefore

---

[3] Petitioner stipulated at the hearing that PSP's exhibits depicted his gun and that the gun was stamped with an indication that it was manufactured by Bushmaster Firearms International, Windham, Maine. *See* Notes of Testimony, August 30, 2021, at 7.

[4] "On appellate review, we will affirm the decision of an administrative agency unless constitutional rights were violated, an error of law was committed, the procedure before the agency was contrary to statute, or any finding of fact made by the agency and necessary to support its adjudication is unsupported by substantial evidence." *Pa. State Police v. Slaughter*, 138 A.3d 65, 70 n.5 (Pa. Cmwlth. 2016); *see also* 2 Pa.C.S. § 704.

[5] *See* U.S. Const. art. I, § 8, cl. 3 (allowing Congress "[t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes").

unconstitutional on its face.  *See* Petitioner Br. at 6-10.  Accordingly, Petitioner argues that the ALJ erred in upholding the PSP's determination that he is precluded from possessing a firearm.  We disagree.

The Pennsylvania Uniform Firearms Act of 1995[6] requires PSP to determine whether potential transferees of firearms are prohibited from receipt or possession of a firearm under state or federal law.[7]  The GCA states in pertinent part:

> **(g)** It shall be unlawful for any person --
>
> > **(1)** who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;[8]

---

[6] 18 Pa. C.S. §§ 6101-6187.

[7] The Pennsylvania Uniform Firearms Act of 1995 provides, in relevant part, as follows:

> **(a) Administration.--**The Pennsylvania State Police shall have the responsibility to administer the provisions of this chapter.
>
> **(b) Duty of Pennsylvania State Police.--**
>
> (1) Upon receipt of a request for a criminal history, juvenile delinquency history and mental health record check of the potential purchaser or transferee, the Pennsylvania State Police shall immediately during the licensee's call or by return call forthwith:
>
> > (i) review the Pennsylvania State Police criminal history and fingerprint records to determine if the potential purchaser or transferee is prohibited from receipt or possession of a firearm under Federal or State law[.]

18 Pa.C.S. § 6111.1.

[8] The GCA expressly excludes "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less" from the term "crime punishable by imprisonment for a term exceeding one year."  18 U.S.C. § 921(a)(20)(B).  We note that this exclusion is inapplicable to this case, however, as Petitioner was convicted of forgery

5

. . . .

> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

Petitioner's facial challenge[9] to the constitutionality of the GCA merits no relief. Petitioner alleges that the GCA violates the Commerce Clause of the Unites States Constitution.[10] *See* Petitioner Br. at 9-15. We do not agree.

---

graded as a first-degree misdemeanor, which is punishable by up to five years of imprisonment. 18 Pa.C.S. §§ 1104, 4101(c).

[9] Two kinds of constitutional statutory challenges exist: challenges that attack a statute on its face and those that attack a statute as it is applied in a particular case. *Lehman v. Pa. State Police*, 839 A.2d 265, 275 (Pa. 2003).

> A facial attack tests a law's constitutionality based on its text alone and does not consider the facts or circumstances of a particular case. An as-applied attack, in contrast, does not contend that a law is unconstitutional as written but that its application to a particular person under particular circumstances deprived that person of a constitutional right. . . .

*Commonwealth v. Brown*, 26 A.3d 485, 493 (Pa. Super. 2011). For the purpose of issue preservation, as-applied constitutional challenges must be raised before the ALJ. *Lehman*, 839 A.2d at 276. We observe that Petitioner claimed that he had raised such a challenge and PSP argued against the same in the previous appeal of this matter. However, Petitioner neither raised nor briefed an as-applied constitutional challenge in the instant appeal.

[10] We observe that, prior to remand, Petitioner challenged Section 922(g)(1) of the GCA based on alleged violations of the Second and Tenth Amendments of the United States Constitution in addition to his claim based on the Commerce Clause. However, Petitioner did not raise or argue these claims anew in his brief in the instant appeal following remand, and those arguments are therefore now waived. *See Boniella v. Commonwealth*, 958 A.2d 1069, 1072 n.8 (Pa. Cmwlth.

6

Initially, Petitioner challenges the constitutionality of GCA Section 922(g) as a perversion of the intent of the United States Constitution's Commerce Clause. Petitioner cites to the United States Supreme Court's decision in *United States v. Lopez*, 514 U.S. 549 (1995), to support his argument that Section 922(g) violates the Commerce Clause. In *Lopez*, the Supreme Court struck down Section 922(q) of the GCA, which prohibited firearms possession within 1,000 feet of school grounds, as beyond the Commerce Clause because "[t]he [GCA] neither regulate[ed] a commercial activity nor contain[ed] a requirement that the possession be connected in any way to interstate commerce." 514 U.S. at 551. However, unlike the GCA section examined in *Lopez*, Section 922(g) of the GCA includes a commerce-related jurisdictional element.[11] Therefore, multiple federal courts have rejected the argument that Section 922(g) violates the Commerce Clause. *See United States v. Gateward*, 85 F.3d 670, 672 (3d Cir. 1996) (listing cases); *see also United States v.*

---

2008) (noting that a court will not consider arguments that are not properly raised and developed in a brief).

[11] Specifically, Section 922(g) provides:

> (g) It shall be unlawful for any person--
>
> (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
>
> . . . .
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition **which has been shipped or transported in interstate or foreign commerce**.

18 U.S.C. § 922(g)(1) (emphasis added).

7

*Wells*, 98 F.3d 808, 811 (4th Cir. 1996).  Petitioner is incorrect in his argument that Section 922(g) of the GCA violates the Commerce Clause.[12]

Our determination that the GCA is constitutional renders this matter relatively simple.  The GCA precludes individuals convicted of crimes punishable by a term of imprisonment exceeding one year from possessing firearms.  18 U.S.C. § 922(g).  The Pennsylvania Uniform Firearms Act of 1995 requires adherence to the GCA.  Petitioner was convicted of two counts of forgery graded as first-degree misdemeanors, each of which carries a maximum punishment of five years' incarceration.  18 Pa.C.S. §§ 1104, 4101(c).  Accordingly, federal law prohibits Petitioner from possessing a firearm, and PSP properly determined such.  Further, the evidence presented at the hearing following remand established that the firearm in question moved in interstate commerce.  Thus, the ALJ explained:

> [] PSP has presented compelling and undisputed evidence that in 2013, [Petitioner] entered guilty pleas to two counts of forgery graded as misdemeanors of the first[ ] degree in the Cumberland County trial court for which he received probation.  Because the first-degree misdemeanors were (and are) punishable by a maximum term of incarceration of five years, he is prohibited from possessing or receiving any firearm that has been shipped or transported in interstate or foreign commerce under 18 U.S.C. § 922(g)(1).  [] PSP has also presented compelling and undisputed evidence that the firearm which [Petitioner] sought to have returned to him and to possess was manufactured in the

---

[12] We acknowledge that Petitioner's brief quotes sections of the Federalist Papers, specifically Federalist Paper 42, to support the argument that Section 922(g) of the GCA is unconstitutional.  *See* Petitioner Br. at 8-9.  We acknowledge the historical value of the Federalist Papers, that venerable collection of essays drafted by Alexander Hamilton, James Madison, and John Jay to convince the various states to accept the newly drafted federal Constitution.  We decline, however, to adopt Petitioner's argument that Section 922(g) violates the Commerce Clause, which argument has been rejected by multiple Federal courts as discussed *supra*, based on Petitioner's personal interpretation of the meaning of Federalist Paper 42.

state of Maine and moved in interstate commerce. In light of this, I find that Section 922(g)(1) applies to prohibit [Petitioner] from receiving or possessing a firearm.

Adjudication at 7-8.

We find no error of law or violation of Petitioner's constitutional or procedural rights in the ALJ's decision. The case is as straightforward as it appears: substantial evidence supports the ALJ's findings that (1) Petitioner is subject to the prohibitions of the Pennsylvania Uniform Firearms Act of 1995 and GCA Section 922(g)(1) by virtue of having been convicted of crimes punishable by up to five years' imprisonment, and (2) the firearm in question moved in interstate commerce. Accordingly, the ALJ properly affirmed PSP's determination.

For the foregoing reasons, we affirm the Adjudication.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard D. Navarro, : 
                  Petitioner : 
                         : 
       v. : 
                         : 
Pennsylvania State Police, :     No. 1510 C.D. 2022
                 Respondent : 

## O R D E R

AND NOW, this 10th day of January, 2024, the October 3, 2022 adjudication and order of the administrative law judge of the Office of the Attorney General is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge